And we call the next and last case, please. 3-14-0163, consolidated with 3-14-0685. In the Matter of the Estate of Thomas Shelton, appellant by George Hupp Jr. v. Rodney Shelton, appellee by Daryl Sigler. Mr. Hupp. Mr. Hupp. Please record. Mr. Sigler. I represent, my name is George C. Hupp, as she just said, and I represent Ruth Ann Shelton, who is the executor of the estate of her parents, Doris Shelton and Thomas Shelton, both of whom are deceased. They're deceased in the States. She brought an action against her brother, Rodney Shelton, who was named as second agent under the powers of attorney for the parents. And Mr. Shelton seeks, in one case, to avoid the imposition of the rule that there's a presumption of fraud in a transaction between a principal and an agent. He seeks to avoid application of that rule to him because he says he is a second agent, the backup agent only. In the other case, he seeks to avoid the plain import of the statute which says that a successor agent is liable for the acts of the prior agent if he sees that prior agent, the first agent, acting in a manner which is harmful to the principal. So both of these are involved in that case. Now Thomas and Doris Shelton, like a lot of people today, have the statutory form of power of attorney for property. And like a lot of couples that have children, they name each other as the primary agent and they name their children as the successor agents. And of course you can only name one agent at a time and so in this case, Mr. and Mrs. Shelton each named each other the primary agent and then named Rodney Shelton as the first successor agent and then Ruth Ann Shelton as the final agent. Now the couple owned two farms. One farm was owned by Thomas Shelton and the other farm was owned in joint tenancy between Thomas and Doris. Rodney Shelton had his father deed him the farm that the father owned directly to him and to Mr. Shelton's wife, Rodney Shelton's wife. And at this time there was only one attorney in fact, right? Agent in fact. Well there is only one agent, the first agent, yes. Right, that's what I mean. And the first agent was Doris. Was Doris, correct. A month later or several weeks later he had Mr. Shelton also deed the joint tenancy farm to himself and his wife using also Doris's power of attorney in which named Thomas. So Thomas signed as agent under Doris's power of attorney signed the deed conveying the property to Rodney and Rodney's wife. Now we demonstrated to the court in Morris in front of Judge Peterson that Doris Shelton at the time of these deeds was incompetent. The language of the power of attorney specifically provided that if a doctor certified that an agent was incapacitated or not able to serve that it would activate or drop down to the next successor agent which is a wonderful provision in the powers of attorney so that we always can easily move down to the next agent. I call that when I do them for people called depth. You want to have lots of depth so you can if you lose your first agent you can go to your second. But one way that that happens is that a doctor says this person is incompetent. Doris was never a judge and incompetent by the court but we showed that the doctor said that at the time that the first deed was done and the second deed was done that she was incompetent. Now therefore that activated Rodney as the backup agent and therefore when he accepted the deed from his father for the first farm it raised the presumption of fraud that applies when an agent and a principal have a transaction. Now I have a question about that. Yeah. So we're really talking about what is this certification of incompetence? Does it have to be known? I mean can you go back? I think the trial judge said you can't go back in time. Well that's what Judge Peterson said. That's what I said the trial judge said that. But if Judge Peterson is correct how can somebody trying to uncover fraud ever overcome that rule? Isn't there a competing policy interest to say that certification has to be done, established at the time how can I say how can you rely a third party rely that the successor agent has the authority the successor agent is purporting to have in any transaction unless there's some certification? Well for instance your honor in a case where we were seeking to have Rodney act we would need to have that certification. If Rodney were going to a bank and saying I want you to recognize me as the agent under my father's farm attorney he would need to have the certification from the doctor to show the bank that Doris was not capable of acting. That's true. But the fact is Doris was incompetent. And if she was incompetent at the time the deed was executed then she was incompetent whether we find it out years later or months later or a day later. We certainly didn't have the cooperation of Rodney here who was seeking to spirit these farms into his name and not allow him to go into his parents estate and share it with his sister. We certainly didn't have his cooperation in going and getting a doctor's certification. He wants to hide behind the fact that he was a second agent only. And in fact he was not a second agent because he knew his mother wasn't incapacitated. In January when they had the joint tenancy farm he had his father sign as agent under the power of attorney for Doris. Why didn't they have Doris sign if she were competent? Well these are all correct me if I'm wrong if I understand it it wasn't so much that the judge made a finding of fact as to her competence as opposed to just saying you can't come in here and you can't bring this evidence in here and try to show that she was incompetent at that time. Am I correct about that? That was exactly his ruling your honor. He was saying you can't go back and show that she was incompetent at that time. Now my point is how would you ever uncover fraud but you do it later by uncovering evidence that you find out. I mean that's done in criminal proceedings all the time. And the statute the power of attorney didn't require for the successor didn't require that she be adjudicated adjudicated or unable to take Right. It did not require adjudication. It did not require an adjudication. It required certification. Didn't it? It required a certification but we provided that certification to the court. To your point. And the court in Morris was saying yes but you did it a few years later. Well it takes time to uncover these things. Well when a person becomes an agent and there's you know when you're talking about fraud you're talking about there's presumptions based on relationships and agency and so forth with regard to fraud but what is the activation you know when is it activated? When would a successor agent know that all of a sudden now I'm the successor agent and now I've got all these duties and obligations and responsibilities. Is that can you find that out two years later? Because what you're arguing to do is impose the agency obligations to the successor agent vis-a-vis that back at the time this was happening we now show that allegedly she was incompetent so therefore that activated the agency but as a legal principle how's that happen where you find out about all these responsibilities that you have can you find out two years later that you have these burdens? You know because normally a person doesn't have to become an agent you're not forced to become the agent you can say I don't want to serve as the agent or things of that nature how do you do that when two years later that it's imposed? Let's take the situation where Rodney were living in England and he wasn't aware that his mother was incompetent he wasn't around and we find out later that his mother wasn't competent he didn't know that but that's not the situation here Rodney accepted the benefits of this deed coming from his father and coming from his father and his mother he accepted that he was involved in this whole process had his father sign as agent under his mother's power of attorney so he was aware of the power of attorney so we have a lot of facts here that shows Rodney's very intense involvement in this whole situation and the presumption of fraud is not irrebuttable is it? It's not irrebuttable, you're correct it's rebuttable but that's not we haven't gotten that far in this proceeding but it's not like if you win here and if this was indeed proven later to be an arm's length transaction and there is really that's not the end of the story correct, we're just at the pleading stage here ok now the second aspect of this is that there is a statute that says a successor agent can be liable when he sees the first agent now these deeds were that goes to the second transaction correct goes to the second transaction in the January deed there's little differences in each position of the properties now but here the father is deeding away the mother's property and notice in the deeds that there is no life estate reserved there's no other assets in the probated estate here other than bringing this farm back in this was a substantial asset to these people and so the father first of all is giving away his farm without reservation of a life estate and the mother who is incompetent the father is giving away her life her farm without reservation of a life estate and so they're giving this property to their son without any guarantee that they're even going to have income for the rest of their life so here Rodney as a successor agent sits there and watches his father undoubtedly probably encouraging his father to do this I think the proofs are going to show and the father is violating his duty to the mother by giving away her farm well now in all that's irrelevant to our discussion today the issue here is can you come in are you allowed to come in later and establish that he was on the first one yes but not on the second one not on the second one we're not talking about activating Rodney as the first agent on the second one we're talking about the statute that says when he sits as successor agent and sees the first agent doing something stupid like giving away his mother's farm when he knows his mother's incompetent he's liable that's what the statute says now there seems to be some confusion here with Rodney that's what's kind of interesting we've got a separate statute that goes and imposes upon a successor agent who is could be arguably not in office so to speak at the time and imposes a duty on that successor agent to look out for the principal who has an agent that arguably conceivably is acting against the interests of the principal but I find it interesting that the legislature imposed that duty because if on your first argument that a successor agent by merely being named has a presumption of fraud attached to him by being named a successor agent arguably not coming into office you see that they implicitly recognize the legislature that perhaps a successor agent must actually in fact become an agent that's not what the statute reads though your honor the statute says that if the successor agent is aware no no no that's my point going back to the first transfer issue of attaching presumption of fraud to Rodney when dad quit claims his interest in his farm to Rodney but there is an existing agent in fact called Doris who's there who's there in fact because arguably arguably there's no certification at the time of that transfer that she's incompetent at that time but the statute does not require that that was my point here with justice schnitt a minute ago the statute doesn't require that we move Rodney up by virtue of Doris's incompetency to the first position no no that's why I understand it but I'm saying the existence of the very statute imposes some duties for a successor not in fact agent right not an activated successor which suggests that a successor agent until he or she becomes an agent in fact really is not subject to the presumption of fraud okay I'm not exactly sure I understand I think the statute it's complicated I understand I think the statute demonstrates the legislature's mind in saying that it even recognizes the duty on the part of a successor agent okay so even going back to the first situation where Rodney is a successor agent doesn't he have still a duty to his that fiduciary duty to his father knowing that his mother's incompetent but it's Thomas' fault based on what? the first transaction is Thomas the principal is claiming his own property right but he's dealing with his father he knows his mother's incompetent does he not owe fiduciary duty does not that statute indicate that the successor agent has some duty to the principals under these powers of attorney I think my impression as I'm sitting here is we keep talking about the two different sides of this and what I'm saying is that in the first thing when Thomas claims his own farm to Rodney you're saying well Rodney was in fact his agent because mother even though who was his agent you know primary agent was incompetent therefore at the time that father even though he was fine he was still dealing with his fiduciary and you ought to be able to come in and prove that mama was not competent at the time of the first transaction both and then the second one you're saying when they did that your argument is even if hypothetically speaking because mama she hadn't been adjudicated by the time of the second one either correct or certified or not no certification by the doctor but at that time I understand the argument is that Rodney was still mother's successor agent Thomas was primary and if he saw the primary agent doing something against mom's interest even though he's not activated as a successor agent he had a duty to say hey don't do that for the statute declare reading of the statute and then of course that all boils down to you say well gee the primary of a life estate and they're both gone now and I guess but if in fact mama wasn't this goes down the road if mother in fact wasn't damaged by it in other words she did get her life estate and that would be an issue for another day that's not a fact of the case it's not an issue of the case I simply mentioned the fact that there was no life estate to show the foolish activity by Thomas that Rodney was encouraging and allowed his father to do by giving his mother's farm away without reserving any protection for her well look powers of attorney are wonderful instances I do a lot of them and one reason I took this case is because I feel very strongly about powers of attorney that they cannot be abused and it was abused in this situation it was used by Rodney to basically rob his sister of her inheritance is basically what it was to get her out of the estate one sibling was preferred over another by a parent well but the will is on file in the probate proceedings leaves everything equally to the two children so to avoid that application you get the farm out of the estate so the will doesn't apply to it that's why we had to open the estate to go back in and bring it back into the estate by a parent a parent did that well after the parents were deceased my client is the executor of both estates so the parents couldn't do it obviously after they were deceased but I mean she has the right to do that and say look those farms had this fraud not occurred this action not occurred these would have been in the estate and the application of the will would have divided the estate equally between the two children so it's just an undivided half interest undivided half interest please tell me again how would you describe the rule in the two different cases that you're arguing in the first case how would you set out a rule of activating the successor attorney in fact how would the rule read in your first scenario well if Rodney were the first agent there's no doubt that the rule applies the presumption of fraud applies in a transaction between himself and his father between an agent so he's a successor agent what is the rule how would you describe the rule in our first scenario well the rule should be that if the agent if it can be shown that the first agent were incompetent as Doris was shown to be that that means Rodney became the first agent he moved up to first position and now the rule applies to him the presumption of fraud now Thomas signed the deed Thomas signed the deed right but still that rule applies your honor whether or not Thomas signed the deed or Rodney signed the deed you're not alleging that Thomas was incompetent no but you're saying that Rodney is Thomas' agent I'm sorry that's what you're saying okay I agree go ahead what you're saying is even though Thomas okay is principled and is competent and if Thomas had in his giving a durable vow of attorney forgot about Doris but just made Rodney his agent any dealings between those two from that date forward that would arguably be near to the benefit of Rodney have a presumption of fraud attached to them that could be attacked that's what the rule says and it doesn't matter whether Thomas signed the deed or Rodney signed the deed in that first instance the rule applies regardless it's a presumption of fraud so we're in the first case dealing with the question of that didn't happen we had Doris' wife be the agent in fact but the question is when did the agent in fact become under the law unable to hold that office so to speak so that there's a succession and Rodney takes then the position where that presumption of fraud is so if we say if you rule in this case that no that does not activate Rodney then a person in his situation who's doing this activity to get these farms can hide behind that second agent he can always hide behind and say I'm not the agent what was the incompetency by the way of Doris what was it she just told a dementia, Alzheimer's yeah but you see he can hide behind that easily and just say hey I'm not responsible I can get my father to deed this farm even though it would be if I were the first agent it would be presumption of fraud because I could just sit there and say I'm not the first agent yet his mother really wasn't the first agent because she was non-competent you see what I'm saying so it's the same thing as him being activated and with his intense involvement in the transaction he had to be aware of all of this going on. Now second transfers brings in that statute to the second transfers which attaches legislatively a duty of action with arguably that presumption well a duty a duty to protect the benefit of the principle correct and your argument would be that because he did not do that under the statute arguably he did not protect her he accepted the benefit that was my next step and accepting the benefit brings along presumption of fraud well it's not really presumption of fraud because he has he's accepting the benefits of his father's for the benefit of the 10 million people that are going to listen to this if you get close to that microphone the supreme court's got these I'm a wanderer when I speak and otherwise no problem but I don't know I mean that statute necessarily says it's fraud it simply says the Asian is liable if he sees the other Asian you know hurting the principle and he doesn't do anything about it but in this instance he also accepted the benefit of it he accepted the benefit of his father's in hurting the mother and I think that that would be a terrible miscarriage of justice if that were allowed to stand so you're not going to claim that the statute operation of the statute vests that successive Asian with the full authority of an Asian in fact it just gives it duty right a duty to protect the it says in there to notify the Asian to protect her to let her know what's going on but he didn't do that okay thank you Mr. Ziegler thank you your honor good afternoon your honors counsel first I didn't expect to do this but I'd like to take issue with some of the approach that Mr. Huff had with regard to assertions regarding my client Mr. Shelton, that'd be Rodney there are no allegations in this case in any pleading that there was undue influence that there was actual fraudulent conduct that there was any deception but I've heard a lot of that today it's completely inappropriate in my estimation it's only my opinion and I think that the court should ignore it and not relevant to the issue absolutely not relevant your honor exactly there's no evidence there's no pleading that Rodney had somebody do anything there's a deed there are deeds, there are grantors there are grantees there are two powers of attorney that's the skeleton of this case that is what there is that is all there is in terms of the two actions I've always been under the impression in this case which they were separately filed, they were separately ruled on and they were separately appealed and now consolidated there are two different actions here two different legal theories and the common factor is that powers of attorney come into play case number one Thomas I will use first names, I will call Ms. Alford the executor, it's just how I've done it throughout that's a citation attacking the conveyance of Thomas' interest only in land he owned based on the theory of the executor the fraudulent presumption is now attempted to be applied how so? by an assertion that Doris was incompetent on the date of deed execution how so? by a physician's report undated but undoubtedly signed sometime before its filing on July 31st of January of 2014 and faxed to him it appears January 29th of that year by Dr. Jurack Doris' apparent physician stating that two years before that plus she was incompetent it is a physician's report prepared by Mr. Hupp, signed by Dr. Jurack and filed in this case it didn't exist before then there wasn't a quiff of it anywhere that was on the amended petition that was filed in this case it was dismissed with leave to amend at one point that was the amendment by way of that physician's report prepared over two years from the date of the transaction over one year from the date of Doris' death that is to be retroactively effective, literally not in the sense of a court order that's non-proton but just now for them completely according to the executor with complete effect legally and otherwise what does that do? then in turn that makes Rodney as the first named successor agent in paragraph 8 of the power of attorney the second one being the executor let me ask you a question about that in the normal course of business a physician writes this letter and says patient A is that it? the end of the story? or is the other side allowed to come back and say I don't care what doctor A says or what the report says the patient the principal here or in that case the primary agent was fully competent then you get a is there a question of fact that then gets litigated as to whether or just as one letter from the physician I think that medical fact could be litigated in some sense in the case, however it's my experience an adjudication of incompetence is in connection with a guardianship under the probate code that's where it happens physicians reports are generally utilized in those very same proceedings for guardianships to declare someone incompetent so that a guardian can be appointed now this power of attorney which has to be strictly construed clearly under the last 80 years of Illinois law says very specific things that have to exist before a successor agent succeeds to the primary agent status that is death, minority either one of those apply or adjudication of disability that didn't happen here, it's not alleged or certification by a physician of incompetence now that's all the power of attorney says I guess at that point it becomes a factional issue judge if it was back in the day it could have been, I suppose the subject of dispute as to whether or not that doctor was correct I don't think it matters in this case because it's not proton according to the executor well, in the normal course of the world there are people that have and I'm not saying it happened here but on par living out there and they've each got powers of attorney for each other and one of them is less than competent but the law says well why spend the money to go to the doctor to get a certification or whatever because I'm just fine and I can take care of her so there's no reason at this point to go to court and get an adjudication I can handle things, I've got a power of attorney so there's no need to go play lawyers or doctors and start probate actions because that's what powers of attorney are good for and yet if and hypothetically a successor power come in there and say well gee Ma hasn't been either certified or adjudicated yet I'm not going to do it and this is a great time to make some transfers and if that occurred and then sometime later if this is discovered why couldn't somebody come back and have a question of fact of well A was Ma really incompetent even though this physician said it I can bring in evidence that says Ma was fine, that's nonsense there's people talk to her and everybody said where she was at person, place and time and because it seems to me to say that the successor power doesn't kick in until you get the certification or an adjudication might invite some nefarious conduct and so by the successor agent let me just say I think there's some chicken and egg that happens in these types of cases a successor agent doesn't have power to go out and do any transaction on behalf of the principal none whatsoever because they're not an agent named as attorney in fact under that instrument they only become one when the conditions and circumstances are met under that instrument which has to be strictly construed so they don't have any power they don't have any authority to go out and do those things all of the case law your honor including the Elias case even the Bader-Rickert case which is a rule 23 order and this court's own Spring Valley Nursing Center case those were transactions implemented directly by and as a result of the status of the agent as agent under a power of attorney that was the primary agent who did all those things there isn't one case in Illinois that mentions a successor agent not one that's why you don't see any because there aren't any the real argument here is when does this presumption of fraud come in when is it a burden on behalf of Rodney to attempt to overcome if and when he ever becomes primary agent as a result of paragraph 8 happening those circumstances happening at that point the fiduciary relationship here is one that's created as a matter of law it's not one that's contracted for and expressed anywhere it's as a result of the existence of the agency relationship between the principal and the attorney in fact duly appointed and designated under that power of attorney that POA creates that relationship and then the presumption attaches because of the relationship those things have to coexist the agency status has to coexist with the transaction time and the existence of that fiduciary relationship for that presumption of fraud and it's only a presumption of fraud that can be overcome ever since then would you under that analysis if certification by a licensed physician of the competency of Doris were allowed to be retroactive if then Rodney at the time of that transfer by Thomas would be the agent in fact and the presumption of fraud would be a burden he would have to overcome on that transaction if those things were all true he would under the terms of the instruments succeed to the position of attorney in fact the primary agent however July 2011 as you can see by the statute your honors the forms now the certification and it's not optional it's required it has to be given under penalty of perjury by the agent the successor agent has to sign it under penalty of perjury that they are taking over because the agent has this problem isn't there is deceased is incompetent that's actually as of the time of these transactions that was statutory law it just wasn't in this power of attorney because this is a 2005 power of attorney that predated that statute so if in not this case so we don't have to argue the facts in this case but if the successor if the doctor writes a letter and certifies the primary agent is not competent to handle his or anybody else's at that point without any legal actions signatures what have you at that point does the successor automatically become the agent of fact I suppose it's arguable I don't think so under existing law statutory and otherwise but it's arguable that at that point in time without the knowledge of the successor agent knowing that he's not how about if he doesn't know about the power of attorney at all how about if that happens and he doesn't know that there's that he's a named successor agent that he's never seen the power of attorney the knowledge requirement is a different ball game than we're playing here and I think it's an important one but under these circumstances I'm going to stick with the fact that because you're burdening someone with a fiduciary relationship and a presumption of fraud which can be overcome if you show disclosure of all material facts an attempt to get professional advice all of those things how would a successor agent who is not pro-tunk two years ago say you know what I'd like to my now deceased mother does she see a lawyer to me that is the entire premise is nonsensical it defies existing law in every regard if the successor we'll call him junior in our hypothetical case is off in England and if that letter and he's got successor interest both parents and then unbeknownst to him out there at the farm in comes the letter from Dr. Jones says hey mom and I certify she's on the counter he didn't know about the letter hadn't seen mom in five years but he is the successor and then while he's sitting there in England he gets a letter from Pa and said you know son congratulations here's a copy of the deed to the farm of my farm signed by me and so here's the deed now if poof he's the agent because of mom's incompetence he was the successor and even if there's a presumption of fraud it seems to me in that scenario pretty easily rebutted anyway I talked to the correspondent dad sent me the thing and so even though I rebut the presumption by saying I didn't ask for it I wasn't there I didn't know what was going on all of a sudden dad obviously felt some extra affection for me and sent me the deed I think your honor that there is actually because no case has dealt with this scenario if that happens I believe that the successor agent has to cognizantly with knowledge do something to be the agent because you can decline to act there has to be some action on your part to say okay I'm the agent I'm going to do something what happens if you sit back and never do anything as the first successor agent and somebody asks you to do it you sit in your living room and don't do a thing are you still the agent I suppose technically speaking but you're not an effective agent I think we're talking about two different things your honor as a successor agent here's my position I believe it's Illinois law of the most crystal clear type under this instrument to be strictly construed in Illinois law this man Mr. Rodney Shelton as of the time of these deeds had absolutely no status as a fiduciary of any kind period to argue it otherwise is to have to go back and do a non-pro-tunk magic act with a physician's report after the lady's dead and two years after the transaction occurred there is nothing to support this position absolutely nothing I'd like to talk about the second transfer the statute I've heard Mr. Huff's interpretation of this many times the statute reads in an uncomplicated fashion the reason it's uncomplicated is that the Illinois Power of Attorney Act has definitions in it that act defines the word agent it adds in one place the term successor that's 10.3 the statute we're dealing with here where it says at first the purpose of the statute is a principal may designate one or more successor agents to act if an initial or predecessor agent resigns, dies, becomes incapacitated it defines a successor agent as someone who may act if that initial or predecessor agent has something happen okay? now, with that let's go to B, which is critical to Mr. Huff an agent is not liable for the actions of another agent including a predecessor agent unless the agent participates in or conceals a breach of fiduciary duty committed by the other agent those are all present tense terms under the statute it is defined, agent what is an agent? the primary initial agent appointed in an instrument of agency a power of attorney the fact that he actually believes that this provision means a successor agent and any successor agent is actually an agent runs contrary to clear language it runs contrary to the power of attorney and it is absolutely unsupportable under any reading of this statute it is ludicrous what is the title of section 2.10.3? successor agents I don't think the title means anything judge you could say miscellaneous as a title to a statute and we're not sure what miscellaneous means it means other stuff I guess I don't know whether an agent acts or not they're still the agent aren't they? I don't have this job you and I have been friends a long time and you say, you know what, hey Dan I'm going to make you my power of attorney and I've been your power of attorney for five years never done anything because you're a competent guy and then one day, and I know you've got a family and in the mail I get from you I like you so much I'm giving you the deed I'm deeding my farm to you I never did a thing I've never acted as your agent but I am your agent in fact and then I say how nice and I push myself down to the courthouse and I file that thing and it is there but but yes because you said agency I'm your agent or you're my agent that means that I'm your attorney in fact a successor agent is a guy standing back that may get the job at some point or may not it's that simple you can't make them both he's a bench worker but he has no fiduciary relationship status of any kind under Illinois law until he becomes that primary agent and therein lies what we're here about isn't it? can they come back now and prove that he was indeed the primary agent by virtue of mom's can he come in two years later and prove that you were in fact the primary agent by virtue of mom's incompetence at the time these transfers took place ergo you were dad's primary agent time is important here your honor time is important because all these things have to coincide he has to be of that status when the transaction occurs so that the relationship is established what we're doing is we're retroactively going back in time to establish a relationship and legal status that didn't exist at the time where is there authority anywhere that that can be done I am unaware of any so is Mr. Hupp he's unaware of any it can't be done frankly it defies logic I really think it does otherwise paragraph 8 becomes worthless and anybody mentioned in the power of attorney they're all agents and they all better start acting in concert with each other these words mean something and this is an instrument by the way that has to be strictly construed I think that means something there's some law that talks about when you get these power of attorneys especially the old ones that try to determine the intent of the party sure absolutely you do that and in doing that if it's unambiguous and clear language in the instrument it's to be strictly construed so you can have a hand drawn power of attorney that's crystal clear and you have to establish the intent of the parties but you look to the language first and if it's unambiguous you strictly construe it if it is ambiguous you go to the other rules of construction I don't think any of those apply here because the language of these property powers of attorney is directly from the statute itself paragraph 8 is part of the form of the statute itself and that did exist in 2005 that's a statutory short form I don't know if you have any other questions and I apologize for being my usually bully itself thank you very much thank you Mr. Stidler Mr. Hobson the statute uses the word predecessor agent so how can that be other than referring to a successor agent okay if you see a predecessor agent that means the agent ahead of you and so Rodney's predecessor agent under the statute was Thomas who was Doris's agent under her power of attorney so when you read that statute it can only be read and make any sense if you're talking about a successor agent who sees a predecessor agent one ahead of him raking the principle over the cause okay now Mr. Stidler is correct in that there is no law that says that this activates Rodney that's why we're here how can a person in Ruth Shelton's position ever uncover and prove fraud unless she's allowed to do it by evidence that she obtains later that relates back this is done all the time so if we rule that she cannot do that then a person in the second agent position is going to be free to use that because he's not going to go and get the certification why would he do that and create the presumption of fraud against himself I'm going to do this stuff and I'm going to hide behind my mother's skirts now the end game is setting aside the transfer and bringing it into an estate right there are other avenues are there not to set aside that transfer other than the power of attorney are there not well this is the only one that I thought that there was there if the agent is found to have created fraud if it's a fraudulent transaction then it's automatically rescinded and brought back it's undone it's quicker I understand that but there's also undue influence collusive other theories to set aside transfers to third parties that there's no power of attorney what so ever involved by an executive of an estate right we have to have a lot of talks with caregivers and things no there are other theories that we did investigate although believe me one reason we're relating two years back is I wasn't the first attorney involved for Ruth Shelton when I did become that it took some time some thinking this is an area of new a new area that we're plowing but we're seeing this where children are obtaining property from their parents while the parents are alive it used to be you used to fight with your siblings after they were dead now we're seeing more children actually going in and getting these conveyances while the parents are living and they're using the power of attorney like I said I do a lot of power of attorneys I believe in them and they're a wonderful instrument well but they're also used in terms of estate planning and medicare issues or medicaid issues as well as estate tax issues during lifetimes of parents well absolutely they cover a whole gamut they are wonderful instruments in estate planning but they can be abused and this is the situation we're in today so Rodney Shelton is saying look I'm the second agent I don't know that duty but I'm going to take the benefit at least on the one case the issue is we don't have to worry about whether Rodney's a bad guy or not the issue is do you have the right to come in and try to prove two and a half years later that he was not competent at that time and that legally even without a contemporaneous certification that rendered Rodney the attorney in the back right plus the fact that Rodney was involved in this transaction the example I gave and you gave that you used for the sons in England that's a different situation here we have someone actively involved in the transaction well but we don't even get there unless we get we don't even get there unless we get the fact that you can come in and have this retroactive certification well I agree yeah that's kind of the threshold well there's no doubt about it we have to get past that that's where we had trouble in the trial court I'm saying that when Judge Peterson if he gets his case back for trial then he's going to be able to consider these other facts and I'm saying these are important factors the fact that he was involved in the transaction I mean when you issue an opinion you can apply it to certain facts well I think it's a question of law and you know I'm not sure the closing argument on the you know whether Rodney did or didn't cheat his sister I'm not sure it helps the issue is just you know recognizing that that possibility since your argument it doesn't change the law as to whether it's a good idea to allow this or the law as to whether it's a good idea whether the existing law allows it or where we go well I think the court needs to consider what is a person in Ruth Shelton's position supposed to do when the second agent says hey I'm just the second agent I talked to my mother was incompetent was he not in effect the agent for his father in all equity when he did that do you think you become an agent through equity I'm sorry judge do you become an agent through doctrines of equity I'm having trouble hearing you I'm sorry I don't know if you noticed but I wore those hearing sense back there can you become an agent through doctrines from equity well I think yes I think there is case law that says that a person can act in a fiduciary in a trusted capacity that's done often in will contests where you have caregivers and they undo influence cases where they are joint tenant on their account they're trusted they're showed to be a de facto agent cases that set aside a deed and so forth right okay well thank you very much thank you both for your arguments this afternoon this matter will be taken under advisement written disposition will be issued right now the court will be adjourned until next month